U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 4 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ISAIAH SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-176-A |
| | § | |
| MANAGEMENT AND TRAINING | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant,
Management & Training Corporation, for summary judgment. The
court, having considered the motion[1], the record, the summary
judgment evidence, and applicable authorities, finds that the
motion should be granted.

I.

<u>Plaintiff's Claims</u>

On March 2, 2016, plaintiff, proceeding pro se, filed his
complaint in this action. On August 15, 2016, plaintiff, acting

---

[1] On December 27, 2016, plaintiff filed a brief in response to the motion along with an appendix in support. The court ordered the brief and appendix stricken as the appendix wholly failed to comply with the undersigned's requirements that the appendix be appropriately bound, numbered, tabbed, and highlighted. On December 29, 2016, plaintiff filed a different appendix (less than half the length of the original), which again contained no highlighting. The court has given the materials in the appendix whatever weight they may deserve. <u>See</u> <u>Duffy v. Leading Edge Prods., Inc.</u>, 44 F.3d 308, 312 (5th Cir. 1995); <u>Lechuga v. Southern Pac. Transp. Co.</u>, 949 F.2d 790, 798 (5th Cir. 1992)(conclusory statements in affidavits are insufficient to raise an issue to defeat summary judgment).

through counsel and without leave of court, filed his first amended complaint.[2] See Fed. R. Civ. P. 15(a).

Plaintiff alleges: He is a 21 year-old homosexual male, who was hired by defendant to be a correctional officer at a correctional facility in Bridgeport, Texas. He began his employment on June 2, 2014. He was repeatedly harassed and subjected to a hostile working environment and ultimately constructively discharged. In particular, plaintiff's complaints focus on the alleged refusal of defendant to allow him to conduct strip searches of male inmates at the Bridgeport facility. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), for hostile work environment, gender stereotyping, and retaliation.

II.

Grounds of the Motion

Defendant urges three grounds in support of its motion. First, plaintiff cannot establish discriminatory discharge based on sex. Second, plaintiff cannot establish sexual harassment or a hostile work environment. And, third, plaintiff did not suffer retaliation, i.e., cannot establish the necessary elements of a retaliation claim.

---

[2]Defendant filed an answer to the amended complaint, apparently acquiescing in its filing.

III.

## Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

3

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).  In <u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[3]  <u>Celotex Corp.</u>, 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

<u>Facts Established by Summary Judgment Evidence</u>

Plaintiff only worked for defendant from June 2 through October 14, 2014, after which date he refused to return to work. For the first few weeks, he received on-the-job training, then he

---

[3]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

was assigned to the night shift as a correctional officer.
Plaintiff received copies of defendant's employee handbook and
policy statement regarding anti-harassment, both of which
specifically state that defendant prohibits harassment based on
sexual orientation. Both note the importance of making defendant
aware of alleged harassment by reporting it immediately to the
human resources manager or facility director.

On three separate occasions, plaintiff did not follow
proper call-in procedures (meaning that he did not timely notify
defendant that he would not be at work) and was disciplined. On
October 5, 2014, plaintiff acknowledged that any further
violation would result in disciplinary action, including
termination.

Plaintiff did not notify defendant's human resources
department until after October 14, 2014, that he was being
harassed based on his sexual orientation. At that time, he sent
emails and attached copies of handwritten notes regarding alleged
conduct. It is not clear when the handwritten notes were made.
Many are undated and most are regarding plaintiff's performance
of his job and the need to write up offenders who fail to follow
orders. On October 16, 2014, defendant notified plaintiff that it
had made arrangements for him to work on a day shift, away from
the employees who had allegedly harassed him, while his complaint

was being investigated. Although plaintiff confirmed by email that he would return to work, he never did. On October 19, 2014, plaintiff emailed additional handwritten notes, all but one of which are undated.

A warden from a different facility was assigned to investigate plaintiff's claims. He met with plaintiff on October 28, 2014, for several hours. He interviewed more that twenty other employees. On November 5, 2014, he issued his report, which among other things says that offenders who refused to be strip-searched by plaintiff were disciplined; plaintiff never told anyone in authority that he believed he was being harassed based on his sexual orientation; he was not told he could not conduct strip searches, only that he was removed from searches when inmates became agitated; and, plaintiff was not assigned to a picket position as punishment. Plaintiff did not think the warden acted in bad faith in conducting the investigation.

V.

Analysis

To establish a case of sex discrimination, plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he suffered an adverse employment action; and (4) he was treated less favorably than

other similarly situated employees outside the protected group.
McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007).

Defendant first alleges that homosexuality is not a
protected class under Title VII. See Brandon v. Sage Corp., 808
F.3d 266, 270 n.2 (5th Cir. 2015); Smith v. Liberty Mut. Ins.
Co., 569 F.2d 325, 326-27 (5th Cir. 1978); Mims v. Carrier Corp.,
88 F. Supp. 2d 706, 713-14 (E.D. Tex. 2000). Although that may be
true, the Supreme Court has indicated that sex discrimination may
be inferred from harassment by a homosexual of a heterosexual
male. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80
(1998). And, sexual stereotyping may provide evidence of sex
discrimination. See Price Waterhouse v. Hopkins, 490 U.S. 228
(1989). Nevertheless, the burden remains on the plaintiff to show
that adverse action was taken because of his sex.

As a male, plaintiff is a member of a protected class. The
court need not decide whether the subset of homosexual males is a
separate protected class. Although defendant does not address the
issue, it appears that an argument could be made that plaintiff
was not qualified for the position he held given his apparent
fixation on, and possible prurient interest in, strip searching
male inmates. See 42 U.S.C. § 2000e-2(e).

With regard to the third element of his cause of action,
plaintiff must show that he suffered an adverse employment

7

action. That is, he must show that he was adversely affected by an ultimate employment decision, such as hiring, firing, failure to promote, a reassignment to a position with significantly different responsibilities or a decision causing a significant change in benefits. McCoy, 492 F.3d at 560; Robison v. Texas Dept. of Crim. Justice, 94 F. App'x 225, 228 (5th Cir. 2004). His complaint that he was denied the ability to strip search inmates is not an ultimate employment decision, even assuming it is true.[4] In any event, there is no evidence that plaintiff was permanently reassigned or would not have been allowed to return to his position; he simply refused to come back to work. And, there is no evidence that plaintiff would have been harmed in his career advancement based on his temporary reassignment. A new correctional officer simply needs to be aware of every post. Promotion is based on a number of factors, including all experience combined.

Plaintiff cannot establish that he was constructively discharged. There is no evidence of a demotion, reduction in salary, reduction in significant job responsibilities, reassignment to menial or degrading work, or any other conduct

---

[4]The summary judgment evidence shows that, contrary to plaintiff's conclusory allegation, plaintiff was not prohibited from conducting strip searches; rather, he was removed from situations when inmates became agitated. There is no evidence that other correctional officers were treated differently in similar situations.

that would have given a reasonable person in plaintiff's position

no choice but to resign. McCoy, 492 F.3d at 557. The evidence

shows that defendant offered to allow plaintiff to work a

different shift; allowed him to stay on unpaid leave while it

investigated his complaints; and repeatedly requested him to

return to work. That plaintiff did not like the options available

to him, such as working an earlier shift or working picket, does

not establish that he was constructively discharged. Hunt v.

Rapides Healthcare Sys., L.L.C., 277 F.3d 757, 772 (5th Cir.

2001)(constructive discharge cannot be based on an employee's

subjective preference for one position over another); Jurgens v.

E.E.O.C., 903 F.2d 386, 391 (5th Cir. 1990).

    As for the fourth element, plaintiff has not come forward

with any evidence to show that he was treated differently from

any similarly situated co-worker. Paske v. Fitzgerald, 785 F.3d

977, 985 (5th Cir. 2015).

    And, in any event, even if plaintiff could establish a prima

facie case of discrimination, he is not able to show that

defendant's reason for ending his employment is pretext for

discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530

U.S. 133, 143 (2000); Wallace v. Methodist Hosp. Sys., 271 F.3d

212, 220 (5th Cir. 2001). Plaintiff simply refused to return to

work and defendant interpreted his refusal as a voluntary

9

resignation. Plaintiff's disagreement with defendant's assessment of his actions does not create a fact issue for trial. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 899 (5th Cir. 2002).

To establish a claim for hostile work environment, plaintiff must show that: (1) he belongs to a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) defendant knew or should have known of the harassment in question and failed to take prompt remedial action. Frank v. Xerox Corp., 347 F.3d 130, 138 (5th Cir. 2003). The court considers the frequency of the alleged discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance. Id. To affect a term, condition, or privilege of employment, the harassing conduct must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. E.E.O.C. v. Boh Bros. Constr. Co., L.L.C., 731 F.3d 444, 453 (5th Cir. 2013). Courts use an objective, reasonable person standard to evaluate the severity and pervasiveness of the alleged hostile environment, bearing in mind that Title VII is not a general civility code for the American workplace. Id. at 453-54. Whether same-sex or opposite-sex harassment is alleged,

the plaintiff must prove that discrimination occurred because of sex and that the harasser's behavior was so objectively offensive as to alter the conditions of his employment. Id.

Here, the facts pale in comparison to cases where a hostile working environment was found. That is, a reasonable person in plaintiff's position-a guard at a prison-- would not have found the environment to be objectively hostile or abusive. Oncale, 523 U.S. at 81. But, even if plaintiff had been able to raise a genuine fact issue with regard to the hostility, there is no evidence to establish that defendant knew or should have known of the harassment and failed to take prompt remedial action. Plaintiff did not report the harassment as directed by defendant's policy until after he quit working. And, once notified, defendant immediately undertook an investigation, offering plaintiff an interim solution, which he refused. Plaintiff had no opportunity to succeed in the workplace, because he declined the opportunity. This is simply the case of a young man barely out of high school who thought he knew better than defendant how to run a correctional facility and when defendant declined to kowtow to his demands, decided that he would pursue legal action rather than return to work.

To make out a case of retaliation, plaintiff must show that: (1) he engaged in protected activity; (2) an adverse employment

11

action occurred; and (3) a causal link exists between his protected activity and the adverse employment action. Stewart v. Mississippi Transp. Comm'n, 586 F.2d 570, 575 (5th Cir. 2009). Here, there is no evidence that plaintiff was retaliated against for engaging in protected activity, because he never returned to work after reporting to defendant that he was being harassed. He was not fired for engaging in protected activity; rather, he simply failed to return to work. To the extent plaintiff's complaints to co-workers could be interpreted as notice to defendant, the record reflects that plaintiff was offered the opportunity to work a different shift but refused. Ms. Galloway reminded plaintiff that he worked in a prison and needed to develop thick skin. The co-worker who used offensive language was admonished not to do so. In any event, rude treatment or name-calling is insufficient to show adverse employment action. Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 657 (5th Cir. 2012); Aryain v. Wal-Mart Stores Tex., L.P., 534 F.3d 473, 484-85 (5th Cir. 2008). Defendant conducted a thorough investigation of plaintiff's complaints and found that plaintiff's problems were indicative of his relative inexperience as a correctional officer. Plaintiff has not made any attempt to show that the investigation was not conducted in an appropriate manner or that defendant's actions were pretext for discrimination.

12

VI.

<u>Order</u>

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed.

SIGNED January 4, 2017.

_____
JOHN McBRYDE
United States District Judge